## MECHLING VS. MERCHANTS' BANK.

Bail in error is liable on recognizance upon the *non pros* of a writ in a cause where the only judgment was a rule for judgment for want of a sufficient affidavit of defence, marked "Rule absolute."

Error to Common Pleas No. 2 of Allegheny County. No. 275 October and November Term, 1876.

This was an action in debt upon a recognizance. May 18, 1876, verdict for plaintiff for the sum of $4,429.56, subject to the opinion of the Court on the question of law reserved, to wit : whether upon the evidence submitted by the plaintiff, to wit, the record of the District Court of Allegheny County, at No. 95 January Term, 1875, *pro ut* same and record at No. 33 October and November Term, 1875, of the Supreme Court,

*pro ut* same the plaintiffs are entitled to recover. If the Court be of opinion that the plaintiff is entitled to recover, judgment to be entered upon the verdict, and if the Court be of opinion that the plaintiff be not entitled to recover judgment to be entered in favor of the defendants *non obstante verdicto.* Previously the bank had brought suit against Mechling and took a rule for judgment for default of a sufficient affidavit of defense, which was argued and marked "Rule absolute." No. precipe for judgment was filed and no judgment entered and no attempt to liquidate the judgment until after a writ of error, which had been taken, had been *non prossed* in the Supreme Court. The present action was on the recognizance in that case. In the Court below the defendants, Littell and Powers defended on the ground that there was no judgment in the case to which their recognizance applied. That the writ of error was improvidently taken; therefore, there was no liability on their part, and also alleging there was no judgment at the time of the execution of the recognizance. On June 19, 1876, the Court entered judgment on the special verdict for the plaintiff. Mechling then took a writ of error complaining that the Court entered judgment on the verdict and also that the judgment upon the special verdict is erroneous for the reason that the special verdict does not find the facts, but refers the facts to the Court.

*Thomas M. Marshall, A. Blakely, R. J. and W. W. Powers, Esqs.*, for plaintiffs in error, argued that the entry of "Rule absolute" was not a final judgment. No execution could have issued upon it. The writ of error was not a supersedeas; Petersdorff's Abridgement, Vol. IX, page 5, and Vol. XI, pages 641 and 658; Metcalf's Case, 6 Coke, Book XI, page 38; Logan vs. Jennings, 4 R., 355; O'Hara vs. R. R. Co., 2 Gr., 241. A special verdict must find the facts; Wallingford vs. Dunlap, 2 Harris, 31; P. Ft. W. & C. R. R. Co. vs. Evans, 3 P. F. S., 250.

*A. H. Miller and George Shiras, Jr., Esqs., contra*, argued that the sureties on the recognizance are estopped from denying that there was a final judgment.

The ruling of the lower Court was affirmed on November 6, 1876, in the following opinion,

PER CURIAM: ·

The condition of the recognizance for the writ of error was that Mechling should prosecute his writ of error with effect, and if the judgment should be affirmed, or the writ discontinued or *non prossed*, the bail shoul pay the debt damages and costs. The *non pros.* was a breach of the condition, and the recognizance thereby became absolute. It therefore does not lie in the mouth of the bail to allege now that the judgment was not final because not liquidated. He stepped in to arrest the proceeding, and undertook that the proceeding should not be affirmed or the writ *non prossed*. He failed to perform the condition and consequently must perform the alternative, viz: pay the debt, damages and costs. The rule absolute for judgment in the original proceeding was a substantial judgment, and the liquidation could be made at any moment.

Judgment affirmed.